WILLIAM CARLSON, AND MRS. WILLIAM CARLSON, PLAINTIFFS AND APPELLANTS, *v.* RAY GEOPHYSICAL DIVISION ET AL., DEFENDANTS AND RESPONDENTS.

No. 11888.
Submitted Jan. 19, 1971.
Decided Feb. 24, 1971.
Rehearing Denied March 8, 1971.
481 P.2d 327.

Gene Huntley, argued, Baker, for plaintiff-appellants.

Lucas & Jardine and Thomas M. Monaghan, argued, Miles City, for defendants-respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an action for damages arising from a stoppage in the flow of water from a spring located on plaintiff's property. The district court of McCone County, the Hon. L. C. Gulbrandson, district judge presiding, granted defendants' motion to dismiss on the ground the complaint had not been filed within the two year statute of limitations. From a final judgment of dismissal on the same ground, plaintiff appeals.

Plaintiff and appellant is William Carlson, owner of the land on which the spring was located. Defendants are Ray Geophysical Division of Mandrell Industries, Inc., whose geophysical exploration caused the spring to stop flowing, and Hartford Accident and Indemnity Co., its guarantor.

In June 1963, Ray Geophysical conducted geophysical exploration activities on plaintiff's property. These explorations caused a continuously flowing spring on plaintiff's property to stop flowing. Immediately thereafter, plaintiff contacted several individuals employed by Ray Geophysical and the manager of an oil company which had leased the neighboring property. Plaintiff, the oil company manager Biggs, and the seismograph crew chief of Ray Geophysical toured plaintiff's property. Biggs, a geologist, explained that the source of the

spring was rainfall which percolated down until it reached an impervious layer of shale which it followed through a coal seam to its exit via the spring; that the seismograph drilling operation had penetrated the shale formation and drained the spring into some lower strata; and, that the hole could be plugged and rainfall would build the water table up so that the spring would flow again. A short time later plaintiff was informed by Ray Geophysical that the hole had been plugged.

Plaintiff then waited the balance of the summer of 1963 and for the spring run-off of 1964 for the spring to resume flowing. When the spring failed to flow, plaintiff sought legal assistance and suit was filed on September 24, 1965.

The basic issue presented is whether under these facts the two year statute of limitations in section 93-2607(2), R.C.M. 1947 bars plaintiff's claim for relief for damage to the spring on his property.

Section 93-2607(2), R.C.M.1947 provides in pertinent part:
"(2) An action for injury to or for waste or trespass on real * * * property * * *".

The issue turns on defendants' representations to the plaintiff that the spring could be repaired so that it would regain its flow. Plaintiff contends that these representations tolled the statute of limitations and it did not begin to run until the spring of 1964 after the defendants' efforts to repair the spring had proven to be a failure.

"As a general rule when a party against whom a cause of action exists in favor of another by fraud or concealment prevents such other from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is discovered or might have been discovered by the exercise of diligence, although the action is not based on fraud, and this is especially true where there exists between the parties a fiduciary relationship or one of trust." 54 C.J.S. Limitations of Actions § 206, p. 219.

"Stated in another way, the general trend of the decisions is in support of the rule that where a party against whom a cause of action has accrued in favor of another prevents such other, by actual fraudulent concealment, from obtaining knowledge thereof, or the fraud is of such a character as to conceal itself, the statute of limitations will begin to run from the time the right of action is discovered or by the exercise of ordinary diligence might have been discovered." 51 Am.Jur.2d, Limitation of Actions, § 147, p. 717.

Montana has recognized the doctrine of fraudulent concealment as tolling the statute of limitations in Johnson v. St. Patrick's Hosp., 148 Mont. 125, 129, 417 P.2d 469.

Here plaintiff knew immediately that the spring on his property had been damaged, and he sought to have it repaired. He had the choice at the time of defendant Ray Geophysical's representations of repair (1) to allow the defendant to attempt to repair the spring, (2) to call in other geophysical experts, or (3) to file a legal action against defendant. When he allowed defendant to attempt to repair the spring, and it was not repaired, approximately one year still remained of the two year period of the statute of limitations. Even if the defendant's purpose in making the representations to the plaintiff was to dissuade plaintiff from filing an action, the plaintiff still had the same three choices. Since he chose to allow the defendant to attempt to repair the spring, he cannot now claim that the defendant hindered him in filing an action. This is especially true on the facts here where the repairs failed to cause the spring to resume flowing, and there was at that time still remaining one year of the two year statute of limitations. There might have been a different result if the statute of limitations had run at the same time as the period of repair, so that plaintiff would have had no time in which to bring an action. Such is not the situation in the instant case, however. Nor can plaintiff rely on the claim that he had no knowledge of his right to sue, for "the

fact that a person entitled to an action has no knowledge of his right to sue, or of the facts out of which his right arises, does not, as a general rule, prevent the running of the statute, or postpone the commencement of the period of limitation, until he discovers the facts or learns of his right thereunder." Kerrigan v. O'Meara, 71 Mont. 1, 8, 277 P. 819.

Plaintiff relies upon a California case, Pashley v. Pacific Electric Co., 25 Cal.2d 226, 231, 153 P.2d 325, 328. The basis of that court's decision was:

"In reality the ground of relief is that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong."

Later in the same case, the California court said:

"The same conclusion [that of tolling the statute] governs when the defendant under duty of disclosure has concealed known essential facts upon which to base a recovery against him and thereby has hindered the plaintiff from bringing his action until after the statute would otherwise have terminated the period of limitation."

In *Pashley the* statute of limitations had run before the plaintiff discovered that his eye had not been repaired, and the injury was of such nature that the plaintiff could not have previously known it had not been repaired. In fact, defendant told the plaintiff not to go "to any other physician; that if he did, they would not be responsible; that his eye wounds would heal quickly and he would have no further trouble".

In the instant case nothing was concealed from the plaintiff. He knew of the damage to the spring, and who and what caused it. He was not advised not to go to anyone else. When defendant Ray Geophysical represented that it could repair the spring, it was plaintiff's choice at that time to postpone the bringing of an action against the defendants. Moreover, when plaintiff discovered that the attempt at repair had

failed, the statute of limitations had not run; plaintiff still had plenty of time in which to bring an action against defendants for the damage to his property.

For the foregoing reasons, the order and judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY and CASTLES, concur.