No. 12498

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

WILLIAM J. MONROE,

                    Plaintiff and Appellant,

   -vs-

JACK R. HARPER,

                    Defendant and Respondent.

---

Appeal from:  District Court of the First Judicial District,
              Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        Scanlon, Brolin and Connors, Anaconda, Montana
        Jack M. Scanlon argued, Anaconda, Montana
        Louis Forsell argued

    For Respondent:

        Gough, Booth, Shanahan and Johnson, Helena, Montana
        Ronald Waterman argued, Helena, Montana

---

                              Submitted:  January 14, 1974

                              Decided: FEB -1 1974

Filed: FEB -1 1974

*Thomas J. Kearney*
                              Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action for damages arising from a claim of medical malpractice. The district court of Lewis and Clark County, Hon. Peter G. Meloy, district judge, granted defendant's motion to dismiss the complaint. From the district court's judgment of dismissal and refusal to grant a motion to vacate the same, plaintiff appeals.

On July 30, 1963, plaintiff William J. Monroe suffered injuries to his back as a result of an accident while he was employed by the Boland Development Company of Butte, Montana, as a contract miner in the Kelly shaft. He placed himself under the care of Dr. Jack R. Harper, defendant herein, the following November. Following an examination in November 1963, defendant advised plaintiff that he needed surgery on two ruptured discs in the lower spinal area and that if plaintiff submitted to an "anterior spinal fusion" with installation of a spinal clamp he would be able to return to work within six months. On December 30, 1963, defendant performed an anterior lumbar spinal fusion between plaintiff's L-5 vertebra and the sacrum by means of attaching to the 5th lumbar vertebra and sacrum a device known as a T-Humphrey clamp plate.

In his complaint, plaintiff alleged that defendant:

(1) Was negligent in his care and treatment of plaintiff in that he failed to possess and exercise that degree of skill ordinarily possessed by reputable members of his profession;

(2) Was negligent in failing to obtain plaintiff's fully informed consent to the operation;

(3) Was negligent in failing to consult with more qualified physicians; and

(4) Fraudulently concealed from plaintiff that the T-Humphrey clamp plate was an experimental device, and that plaintiff believed and relied upon statements made by defendant to the contrary.

- 2 -

Plaintiff further alleged that defendant knew and concealed from plaintiff his "true condition" and plaintiff did not discover the "fraud" until he read a newspaper account in May 1972, of another suit brought against defendant by one Ivar Stenberg. It was at this time that plaintiff learned the operation performed was unique, unorthodox and experimental and that the "T-Humphrey Clamp Plate was an experimental device."

Plaintiff filed this action in district court on January 22, 1973, to recover damages resulting from the alleged professional negligence of defendant. Plaintiff alleged that as a "proximate result" of defendant's negligence he was totally disabled from July 30, 1963, the date of the mine accident, until December 1, 1969; and that he is now permanently partially disabled.

The district court granted defendant's motion to dismiss and denied plaintiff's motion to vacate such dismissal. Although the grounds were not stated, both parties concede the court's action was based on the bar of the three year statute of limitations. Plaintiff appeals from the district court's judgment of dismissal and refusal to vacate the same.

The only issue is whether the action is barred by the three year statute of limitations in section 93-2605, R.C.M. 1947, which requires commencement within three years of:

"3.  An action upon an obligation or liability, not founded upon an instrument in writing, other than a contract, account or promise."

Plaintiff contends the three year statute of limitations should begin to run from the date plaintiff discovered the "fraud", that is, May 1972; the date he read a newspaper account of another suit brought against defendant relating to a similar type of operation. Defendant, on the other hand, contends the three year statute of limitations should begin to run from the date of the alleged negligence, that is, December 1963, the date of the operation.

Plaintiff's argument is that the statute was suspended by reason of fraudulent concealment. He contends the doctrine of fraudulent concealment is recognized in Montana. Carlson v. Ray Geophysical Div., 156 Mont. 450, 481 P.2d 327. Further, that fraudulent concealment is present in this case by reason of defendant's failure to disclose to plaintiff that the operation was unique, unorthodox, and experimental. He argues that the complaint on its face does not show whether the statute of limitations had run and, therefore, he should be allowed to prove the exception of fraudulent concealment to the running of the statute.

We accept plaintiff's general contention that in certain malpractice actions the limitation period begins to run when the patient discovers, or by the use of reasonable diligence could have discovered, his injury. Johnson v. St. Patrick's Hosp., 148 Mont. 125, 417 P.2d 469; Grey v. Silver Bow County, 149 Mont. 213, 425 P.2d 819. But, the doctrine of "discovery" or "fraudulent concealment" is not applicable in the instant case.

Statutes of limitation are regarded as statutes of repose governing the period within which actions must be brought and are designed to compel the exercise of a right of action within a reasonable time, while the evidence remains fresh in the memory of the witnesses. They also serve the purpose of suppressing stale or fraudulent claims. Anaconda Min. Co. v. Saile, 16 Mont. 8, 39 P. 909; Billings v. Sisters of Mercy of Idaho, 86 Ida. 485, 389 P.2d 224; 51 Am Jur 2d, Limitation of Actions, § 16.

However, in a tort action based upon malpractice, the application of the general rule becomes difficult where the injured person is prevented from knowing of his injury due to concealment of facts by the treating physician, or where, by its very nature, it is difficult to discover the injury until a later date. In such cases most courts give recognition to certain implied exceptions which toll the running of the statute when it can be shown that fraud has been perpetrated upon the injured party sufficient to place him in ignorance of his right to a cause of action or to

- 4 -

prevent him from discovering his injury. Buck v. Mouradian, (Fla.App. 1958), 100 S.2d 70. The purpose is to promote equity and justice of the individual case by preventing a party from asserting his rights under a general technical rule of law when he has so conducted himself that it would be contrary to equity and good conscience to avail himself of his legal defense. Lakeman v. La France, 102 N.H. 300, 156 A.2d 123.

Although not applicable here, the Montana legislature in 1971 saw fit to adopt by statute this exception to the general rule; where such failure to disclose is known or through the use of reasonable diligence subsequent to said negligent act would have been known to the medical practitioner. Section 93-2624, R.C.M. 1947.

The doctrines of "discovery" and "fraudulent concealment" are most commonly applied to fact situations where a foreign object is negligently left in the patient's body during the course of the operation and it is not until a later date that the foreign object is discovered. Ruth v. Dight, 75 Wash.2d 660, 453 P.2d 631. They also have been applied to actions as to the wrongful removal of organs or negligent diagnosis or where subsequent infections caused by improper sterilization were not discovered until a later date. Janisch v. Mullins, 1 Wash.App. 393, 461 P.2d 895; Anno. 80 ALR2d 368. In these cases the plaintiff alleged that a past negligent act was fraudulently concealed or a subsequent injury occurred which could not have been discovered by the patient through reasonable diligence at the time the act took place.

To toll the statute of limitations the fraud must be of such a character as to prevent inquiry, elude investigation, or to mislead the party who claims the cause of action. Guy v. Schuldt, 236 Ind. 101, 138 N.E.2d 891. There first must be injury and then concealment. It is the cause of action which must be fraudulently concealed by failing to disclose the fact of injury from mal-practice, by diverting the patient from discovering the malpractice

that is the basis of the action. Eschenbacher v. Hier, 363 Mich. 676, 110 N.W.2d 731. Fraudulent concealment has been described as the employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquisition of information disclosing a right of action. Draws v. Levin, 332 Mich. 447, 52 N.W.2d 180.

From the face of plaintiff's complaint it is apparent the doctrine of fraudulent concealment is not applicable to the instant case. In effect, plaintiff is really alleging that the operation was performed without his informed consent. The complaint alleges that defendant did not make a full disclosure of the "experimental nature" of the operation to be performed.

This is not the typical fact situation in which the doctrine is applied where the defendant-physician informed the patient that he would operate in one manner, yet selected another method of procedure and failed to inform the patient of the change. Nor is this a situation where the physician fraudulently conceals a past negligent act in order to prevent inquiry or hinder acquisition of information disclosing the fact of injury or a right of action.

In his complaint plaintiff admits knowledge of the type of operation to be performed. It is conceded that plaintiff was aware that defendant intended to perform an anterior fusion with a clamp plate to be inserted in his back. Plaintiff was informed in detail of the operation procedure to be performed and admits he consented to that operation.

In addition to plaintiff's failure to prove fraudulent concealment, it appears that he was not reasonably diligent in his discovery of the alleged negligent act. Plaintiff admits by way of allegation that defendant assured him he would be able to return to work within six months of the operation. Yet, for six years after the operation plaintiff admits to being totally disabled and permanently partially disabled since then. He had notice, by the continuing disability, that the operation had not

succeeded, as expected. His condition should have provided him with notice of failure and should have put on inquiry to ascertain why the failure had occurred. However, plaintiff did not inquire, rather he slept on and ignored this notice. Eight years elapsed between the time plaintiff was assured recovery and the filing of his claim. His allegation that he was damaged comes too late. It is now barred by the statute of limitations. Section 93-2605, R.C.M. 1947.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 7 -