**Leroy MUCH, Plaintiff,**

v.

**STURM, RUGER & CO., INC., a Connecticut Corporation, Defendant.**

**No. CV–79–62–Bu.**

United States District Court,
D. Montana,
Butte Division.

Dec. 24, 1980.

Charles A. Smith, Smith & Harper, Helena, Mont., for plaintiff.

Robert A. Poore, Poore, Roth, Robischon & Robinson, Butte, Mont., for defendant.

## MEMORANDUM and ORDER

WILLIAM D. MURRAY, Senior District Judge

Mr. Much was injured in May, 1975, when his holstered Ruger revolver discharged into his leg as he crawled under some heavy brush. This products liability action was filed in September, 1979, well beyond the statutory period. In an effort to overcome the effect of the statute of limitations, plaintiff argues that Ruger fraudulently concealed material facts respecting an allegedly defective safety in its pistols, thereby tolling the statute. In the alternative plaintiff urges this court to apply a discovery rule under which the statute of limitations would not begin to run until plaintiff had discovered, or reasonably should have discovered, that the legal cause of his injury was the defect in the revolver. Ruger has moved for summary judgment based upon the statute of limitations bar.

The statutory period for tort actions in Montana is three years. MCA § 27–2–204 (1979). Further, "the statute of limitations begins to run from the time the right of action accrues, and not when the plaintiff who was ignorant before comes to a knowledge of his rights." *Kerrigan v. O'Meara*, 71 Mont. 1, 227 P. 819, 821 (1924) (citations omitted). The time at which the right of action accrues is not defined by Montana statute; however courts generally have established that accrual occurs upon injury in tort actions. *E. g., Howe v. Pioneer Manufacturing Company*, 68 Cal.Rptr. 617, 262 Cal.App.2d 330 (1968).

### I. Fraudulent Concealment.

The Montana Supreme Court recognizes that fraudulent concealment can toll the statute of limitations. *Kerrigan v. O'Meara*, 71 Mont. 1, 227 P. 819 (1924); *see, Carlson v. Ray Geophysical Division*, 481 P.2d 327 (Mont.1971); *Monroe v. Harper*, 164 Mont. 23, 518 P.2d 788 (1974). The Montana Supreme Court, however, has never considered a case similar to the one at bar. Typically, fraudulent concealment has been considered in malpractice actions. *Monroe v. Harper*, 164 Mont. 23, 518 P.2d 788, 790 (1974). There is language in *Monroe*, however, which could be applied to the issue of fraudulent concealment in other types of cases.

> To toll the statute of limitations the fraud must be of such a character as to prevent inquiry, elude investigation, or to mislead the party who claims the cause of action.... *There first must be injury and then concealment. It is the cause of action which must be fraudulently concealed by failing to disclose the fact of injury....* Id. (citations omitted) (emphasis added).

Application of *Monroe* to the instant action establishes no fraudulent concealment by Ruger. Mr. Much argues that magazine advertisements circulated by Ruger over the years have lulled the public into believing that the gun is safe, free from defects, and that therefore any injury from the gun must be the result of user's fault. The Ruger advertisements, however, refer only in small part to the safeness of the revolver. Further, the ads attached to plaintiff's brief either pre–date his injury or were published prior to the filing of this action. Even if these ads were tantamount to fraudulent concealment, and this court believes that they are not, the *Monroe* requisite (that concealment must occur after the injury) has not been met. Moreover,

*Monroe* requires that the cause of action be fraudulently concealed by a failure to disclose the fact of injury. The fact of injury was obvious to Mr. Much at the instant his revolver discharged into his leg. Nevertheless, he did not communicate with Sturm, Ruger and Company until after filing his suit. That there were no affirmative acts of concealment, indeed no communication whatever between Mr. Much and Ruger during the statutory period following the injury, renders fraudulent concealment of this cause of action an impossibility. "There must be some affirmative act of the defendant calculated to obscure the existence of a cause of action." E. g., *Hesse v. Vinatieri*, 145 Cal.App.2d 448, 302 P.2d 699, 702 (Dist.Ct.App.Cal.1956).

■ Additionally, by his answers to defendant's request for admissions, plaintiff admits that his own inactivity, rather than any affirmative acts by Ruger, caused him to exceed the statutory filing period. Defendant's discovery, then, has effectively pierced plaintiff's allegation of fraudulent concealment. As here, once the allegations of a complaint have been pierced by discovery, a party cannot rely simply on his pleading to defeat a motion for summary judgment. *Dinsmore v. Aetna Casualty and Surety Co.*, 338 F.2d 568, 571 (7th Cir. 1964); *Shehi v. Southwestern Bell Telephone Co.*, 382 F.2d 627, 628 (10th Cir. 1967); *Engl v. Aetna Life Ins. Co.*, 139 F.2d 469, 473 (2d Cir. 1943). Summary judgment is further justifiable in this case, therefore, because Mr. Much has consistently relied only upon conclusory allegations of fraudulent concealment.

## II. Discovery Doctrine.

Plaintiff urges that the "modern trend" in products liability actions is to apply a discovery rule respecting accrual of the cause of action. On the contrary, plaintiff's contention is overly broad. Research indicates that discovery rules similar to that urged by plaintiff have been limited to latent injuries resulting primarily from either drug products or medical malpractice. *Monroe v. Harper*, 164 Mont. 23, 518 P.2d 788, 790 (1974). Plaintiff argues that *Bonney v. Upjohn Co.*, 487 F.Supp. 486 (W.D. Mich.1980) should control the instant case. In that latent injury, drug–related products liability case the federal court relied upon the Michigan Supreme Court's application of a discovery rule in latent personal injury actions. Plaintiff should note, however, that *Bonney* is within the realm of cases to which discovery rules are typically applied.

■ Montana statutes authorize a discovery rule in actions for fraud or mistake, MCA § 27–2–203 (1979), and in actions for malpractice. MCA §§ 27–2–205, 206 (1979). The statute of limitations for tort actions, however, does not authorize application of a discovery rule. MCA § 27–2–204 (1979). Further, the Montana Supreme Court has not applied a discovery rule outside the realms of fraud/mistake and latent injuries/malpractice. This court, therefore, refuses to initiate the "modern trend" requiring discovery of the legal cause of an injury because of that trend's apparent nonexistence outside these realms.

Moreover, this court refuses to adopt the discovery rule urged by plaintiff because that adoption would destroy the very policies which justify the statute of limitations. Although the subject has been more recently discussed, *Kerrigan v. O'Meara*, 71 Mont. 1, 227 P. 819, 822 (1924), has continuing vitality in the case at bar:

"Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together." (citation omitted).

To allow a plaintiff, who fails to inquire into the cause of injury, to avoid the time bar under the guise of "discovery" would

hopelessly demolish the protection afforded defendants by the statute.

THEREFORE, IT IS ORDERED and this does order that defendant's motion for summary judgment be and the same is hereby granted.