**Helen B. ROWE, Plaintiff,**

v.

**David LEWIS, Administrator, Montana Social & Rehabilitation Services, et al., Defendants.**

**No. CV 85–56–H–CCL.**

United States District Court,
D. Montana,
Helena Division.

April 15, 1986.

Helen B. Rowe, pro se.

Barbara Bozman-Moss, Asst. Atty. Gen., Legal Services Div., Dept. of Justice, Dal Smilie, Dept. of SRS, Office of Legal Affairs, Helena, Mont., for defendants.

## OPINION AND ORDER

LOVELL, District Judge.

Plaintiff filed this action pro se in February, 1985, seeking compensatory and punitive damages in the amount of $200,000.00 for alleged civil rights violations. Named as defendants are David Lewis, Administrator of the Montana Department of Social and Rehabilitation Services (SRS); John LaFaver, former Administrator of SRS; and Dr. William Hoopes, Chief Medical Consultant for SRS. The cause is before the Court on defendants' motion to dismiss and plaintiff's motion to amend the complaint.

## FACTS

Plaintiff apparently suffers from claudication, a blood circulation problem, which affects her right leg to the extent that she is able to work only for short periods of time. She sought treatment for this condition through the Vocational Rehabilitation Division of SRS. Plaintiff initially applied for vocational rehabilitation benefits in September, 1981. She received an extended evaluation period as authorized by § 46.6.-307, A.R.M., and was determined to be eligible for vocational rehabilitation services. As a "client" of the department, plaintiff received one surgery to relieve the pain she was experiencing. When this operation failed to remedy the circulation problem in her legs, plaintiff sought a second surgery, which was denied.

On July 21, 1982, plaintiff received a copy of a letter from her rehabilitation counselor, directed "to whom it may concern," which indicated that no further services were available to plaintiff through SRS. Plaintiff was informed on December 21, 1982, that her case was closed. Plaintiff did not appeal this decision within the agency, but instead filed a complaint with the Montana Human Rights Commission on March 8, 1983. On December 21, 1983, the Commission made a finding of lack of reasonable cause on plaintiff's allegations of age discrimination. Plaintiff was issued a "right-to-sue" letter on April 23, 1984, and thereafter filed a complaint in state district court.

On January 23, 1985, plaintiff's action was dismissed by the district court on the ground that it was barred by the applicable statute of limitations. The instant action was commenced on February 21, 1985.

The gravamen of the complaint is that Dr. Hoopes refused to authorize the requested second surgery on the ground that it would be a "waste of money" given plaintiff's age and pre-existing heart condition. Plaintiff alleges that Dr. Hoopes recommended that she apply for social security disability benefits instead. She further alleges that after she followed his advice, Dr. Hoopes, acting in his capacity as con-

sultant to the State Disability Determination Unit, denied her application for disability benefits.[1]

The essence of plaintiff's claim is that defendants have violated her constitutional rights to due process and to equal protection of the law, in that she was denied aid, available to other citizens, on the basis of an arbitrary classification made by Dr. Hoopes. Plaintiff seeks relief under 42 U.S.C. § 1983 and directly under the 14th Amendment to the United States Constitution. Jurisdiction is based on 28 U.S.C. § 1343(3).

## DISCUSSION

Defendants move to dismiss the complaint on several grounds. The motion was heard in open court, and both parties have filed various exhibits and affidavits. Therefore, pursuant to Rule 12(b), Fed.R. Civ.P., the motion will be treated as one for summary judgment under Rule 56.

### Statute of Limitations

As the primary ground for dismissal, defendants assert that plaintiff's complaint is barred by the running of the applicable period of limitations.

Because no federal statute of limitations has been enacted for claims brought under 42 U.S.C. § 1983, federal law has adopted those state limitations provisions which the federal court deems applicable to the federal cause of action. *Shouse v. Pierce County*, 559 F.2d 1142 (9th Cir.1977). The Ninth Circuit Court of Appeals has held the applicable statute of limitations for section 1983 actions brought in Montana to be § 27-2-211(1)(c), M.C.A., which prescribes a two-year limitation period for an action upon a liability created by statute. *Strung v. Anderson*, 452 F.2d 632 (9th Cir.1971).

Although state law prescribes the statute of limitations applicable to section 1983 claims, federal law governs the time of accrual. *Gibson v. United States, et al.*, 781 F.2d 1334, (9th Cir.1986). Defendants assert that plaintiff's cause of action accrued on December 21, 1982, when she

received notice that her case had been closed; since the action was not commenced until February 21, 1985, some 26 months later, the two-year period had run and plaintiff's complaint is barred.

Plaintiff's argument in response is twofold. First, plaintiff asserts that Montana law requires an 18–month extended evaluation period; plaintiff was placed on an extended evaluation program in September, 1981, and claims that she had a right to assume that her extended evaluation period would not expire for 18 months after that time. Thus, plaintiff asserts that her cause of action did not accrue until March, 1983, when she realized that her extended evaluation had ended without approval or administration of further medical treatment.

Second, plaintiff asserts that the discrimination against her is continuous and ongoing, that defendants have continued to deny her further medical assistance, and thus that she has a continually accruing cause of action. Plaintiff maintains that the letter of July 21, 1982 was the first overt act of discrimination, and that it has continued ever since.

■ The time of accrual of a civil rights claim is "when the plaintiff knows or has reason to know of the injury which is the basis for the action under 42 U.S.C. § 1983." *Harvey v. Pomroy*, 535 F.Supp. 78, 81 (D.Mont.1982). Plaintiff's reliance on the 18–month extended evaluation period is misplaced. The administrative regulations promulgated by the SRS provide that vocational rehabilitation services may be provided during extended evaluation for *no longer* than 18 months. § 46.6.307(2), A.R.M. This regulation sets a statutory *maximum* for the evaluation period, not a minimum. When plaintiff received notice in December, 1982, she knew or had reason to know that she was no longer a client of the Rehabilitation Services Division of SRS and would not be considered for further treatment.

---

1. The denial of social security benefits to plaintiff is currently under review before this Court. *Rowe v. Dept. of Health and Human Services,*

CV 84–165–H. As such, any claims arising out of the denial of disability benefits will not be considered herein.

The fact that plaintiff may not have believed at that time that she had a claim against the defendants or a right to sue is irrelevant to the time of accrual. *See, Buhl v. Biosearch Medical Products, Inc., et al.*, 635 F.Supp. 956 (D.Mont.1985). Plaintiff was put on notice on December 21 that she would receive nothing further from SRS and was under a duty to investigate further if she suspected wrongdoing. *See, Much v. Sturm, Ruger & Co.*, 502 F.Supp. 743 (D.Mont.1980), *aff'd* 685 F.2d 444.

■ Plaintiff's second theory, that she has been subjected to continuous acts of discrimination, also must fail. This claim is similar to a claim of civil conspiracy, under which a defendant is alleged to have continuously conspired to deprive a plaintiff of his or her civil rights. The Ninth Circuit determines the accrual of civil conspiracies for limitations purposes in accordance with the last overt act doctrine. *Gibson v. United States, et al., supra.*, At 1340. Under this doctrine, the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff, and the plaintiff may recover only for the overt acts that are alleged to have occurred within the limitations period. *Id.*

The last overt act alleged by plaintiff upon which she can base a claim for discrimination is the letter of December 21, 1982. Plaintiff may feel the continuing effects of the denial of further surgery, but the fact that her pain continues does not mean that the alleged acts of discrimination continue. *Buhl v. Biosearch Medical Prod., supra.* No overt act later than December, 1982 has been alleged, and therefore plaintiff's claim of continuing discrimination must fail.

*Failure to state a claim*

Were the Court to rule in plaintiff's favor on the statute of limitations issue, the action would have to be dismissed for failure to state a claim upon which relief may be granted.

The Ninth Circuit applies a rule of reason to civil rights actions challenged for sufficiency at the pleading stage. *Gibson v.*

*United States, supra.*, at 1340. Plaintiff is not expected "to plead [her] evidence" or specific factual details not ascertainable in advance of discovery. *Id.; Hoffman v. Halden*, 268 F.2d 280 (9th Cir.1959). On the other hand, the court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

To state a claim under 42 U.S.C. § 1983, plaintiff must alleges: (1) that some person has deprived her of a federal right, and (2) that the person who has deprived her of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980). There can be no question that defendants have been sued in their official capacities and that all of their actions with which this Court is concerned were taken under color of state law. The only question is whether there is sufficient allegation of deprivation of a federal right.

Plaintiff concedes that she has no guaranteed right to receive the treatment for which she had applied. She asserts, however, that the manner in which her benefits were terminated violated her rights to due process and equal protection of the laws under the 14th Amendment.

The United States Supreme Court has recognized certain guarantees of procedural due process in the arena of government benefits. The Court has held that due process requires that welfare recipients be afforded an evidentiary hearing *prior* to the termination of their benefits by welfare authorities. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Court has also held that a prior hearing is *not* required for termination of Social Security disability benefits. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1973).

The benefits sought by plaintiff in this case are similar to those disputed in *Mathews v. Eldridge.* Eligibility is not simply a matter of financial need; a recipient must have a physical or mental disability which constitutes or results in a substantial handicap to employment. § 46.6.305(1), A.R.M.;

*Mathews,* 424 U.S. at 340, 96 S.Ct. at 905. The decision whether to discontinue disability benefits "will turn, in most cases, upon 'routine, standard, and unbiased medical reports by physician specialists,' concerning a subject whom they have personally examined." *Id.,* 424 U.S. at 344, 96 S.Ct. at 907. The Supreme Court considered it important to give "substantial weight" to the good-faith judgments of the individuals charged with the administration of social welfare programs. *Id.,* 424 U.S. at 349, 96 S.Ct. at 909–10.

In Montana, a substantial body of statutory and regulatory law has been enacted to govern the appropriation and termination of state health and welfare benefits. The SRS has promulgated an extensive set of rules for "contested case" procedures by which an aggrieved claimant may be afforded an opportunity for hearing and administrative review. *See* § 46.2.201, A.R.M., through § 46.2.214, A.R.M. The Rules of the SRS also prohibit the determination of eligibility for rehabilitative services to be based in any way on age or on any imposed age limit. § 46.6.305(4), A.R.M. Pursuant to § 53–7–106, M.C.A., an individual applying for or receiving vocational rehabilitation who is aggrieved by any action or inaction of SRS is entitled to the full use and protection of the contested case procedures outlined in the regulations cited above.

Plaintiff does not challenge this statutory scheme as constitutionally inadequate. Essentially, her argument is that the regulations were not followed by defendants or that she was not made aware of the requirements and opportunities set forth within the applicable regulations. Plaintiff's claim, then, is that state officials have violated *state* law.

Defendants assert that plaintiff's complaint is in actuality against the state of Montana and is therefore barred by the 11th Amendment to the United States Constitution.

The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, 'or if the effect of the judgment would be 'to restrain the government from acting, or to compel it to act.'

*Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 101–02 n. 11, 104 S.Ct. 900, 908–09 n. 11, 79 L.Ed.2d 67, 79 n. 11 (1984). An important exception to this general rule is that a suit challenging the constitutionality of a state official's action is not an action against the state. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

The *Young* doctrine rests on the need to promote the vindication of federal rights. On the other hand, "the need to promote the supremacy of federal law must be accommodated to the constitutional immunity of the states." *Pennhurst, supra.,* 465 U.S. at 105, 104 S.Ct. at 910, 79 L.Ed.2d at 81. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.,* 465 U.S. at 106, 104 S.Ct. at 911, 79 L.Ed.2d at 82.

■ In this situation, the Court may not be of the belief that Dr. Hoopes acted in strict compliance with the law when he said the department would be "wasting our money" by providing a second surgery to the plaintiff. However, plaintiff's assertion that this single statement shows a pattern of deliberate discrimination is merely conclusory and cannot support an action under section 1983. *See, King v. State of California, et al.,* 784 F.2d 910, (9th Cir.1986).

With respect to defendants Lewis and LaFaver, plaintiff alleges no specific claims of discrimination against either. The fact that both of said defendants were administrators of SRS during the times in question is not in and of itself sufficient to state a claim under § 1983. Liability based on the theory of respondeat superior is inapplicable to a Section 1983 civil rights action. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In the absence of vicarious liability, plaintiff must allege some actions on the part of Lewis and LaFaver to support a claim against them. Plaintiff asserted in oral argument that these two defendants maintain a policy which necessarily results in selective discrimination. The complaint is silent as to this allegation. Indeed, defendants Lewis and LaFaver are mentioned only in the caption.

> [T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption.

*Hoffman v. Halden, supra.*, 268 F.2d at 303–04. Even giving the complaint a liberal reading in plaintiff's favor, the Court is unable to find any basis for a claim against defendants Lewis and LaFaver: "either she fails to allege discrimination at all or her allegations are conclusory and unsupported by any facts." *King v. State of California, supra.*, At 916.

### Bivens action

■ Plaintiff claims that this action is brought directly under the 14th Amendment as well as under 42 U.S.C. § 1983. Under *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the victims of federal misconduct are able to sue the individual federal wrongdoers responsible for the transgression of their rights directly under the Constitution. *Bivens* actions are "the judicially crafted counterpart to section 1983", created to allow similar actions against federal as well as state officials. *Gibson v. United States, supra.*, at 1341. Because of the availability of a section 1983 claim against state officials, there is no reason to allow a separate cause of action against them directly under the 14th Amendment. *See*, *Turpin v. Mailet*, 591 F.2d 426 (2nd Cir. 1979), cert. den. 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475; *Harlee v. Hagen*, 538 F.Supp. 389, 391 n. 3 (E.D.N.Y.1982); *Crow v. Washington County B. of Prison Insp., et al.*, 504 F.Supp. 412, 415 (W.D.Pa.1980);

*Morris v. Washington Metropolitan Area Transit*, 702 F.2d 1037, 1042 n. 10 (D.C.C. U.1983). The Supreme Court has reserved decision on this question and in view of the Court's ruling that plaintiff has alleged no deprivation of a federal right there is no need to decide it here.

### Motion to Amend

■ Plaintiff seeks to add two counts to her complaint. Plaintiff first wishes to assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and second to assert a claim under the 8th Amendment to the United States Constitution.

There are two jurisdictional prerequisites that must be satisfied before an individual is entitled to institute a lawsuit under Title VII: (1) the individual must file a timely charge of employment discrimination with the Equal Employment Opportunity Commission, and (2) he or she must receive and act upon the Commission's statutory notice of a right to sue. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The purpose of Title VII is to protect equal employment opportunities. Plaintiff has neither been employed nor sought employment with SRS or with any of the defendants. As such, Title VII is wholly inapposite to plaintiff's claims.

The 8th Amendment to the United States Constitution provides that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. Again, there is absolutely no relevance between the 8th Amendment and this lawsuit, and this proposed amendment merits no consideration.

### CONCLUSION

In sum, it is the holding of the Court that plaintiff's complaint is barred by the statute of limitations and fails to state a claim upon which relief may be granted. Plaintiff's allegations against each defendant are conclusory and unsupported by any facts as to how age entered into any of the defendants' decisions.[2]

---

**2.** *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984).

The Court is sympathetic to the fact that plaintiff is proceeding pro se, and holds her complaint to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980). Even when liberally construed, however, it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Moreover, it is clear that the deficiencies in the complaint cannot be overcome by the amendments sought to be added by plaintiff.

Therefore, for the foregoing reasons, it is ORDERED that defendants' motion to dismiss, treated as a motion for summary judgment, is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint is DENIED.

Judgment shall be entered accordingly, with each party to bear his or her own costs.