46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberta MERGENTHALER, surviving spouse and personal
representative of the Estate of Buddy Gene
Mergenthaler, Plaintiff-Appellant,
v.
CATERPILLAR, a foreign corporation; Johnson Controls, Inc.,
formerly Globe-Union, a Wisconsin corporation,
Defendants-Appellees.
 No. 94-35096.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 12, 1995.
Decided: Jan. 19, 1995.
 
 1
 Before: WRIGHT and BRUNETTI, Circuit Judges, and GONZALEZ*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The district court (Lovell, J.) awarded Johnson Controls summary judgment on Mergenthaler's diversity action because the Montana statute of limitations barred the action. Mergenthaler agreed to dismiss the action against Caterpillar with prejudice thereafter. We have jurisdiction according to 28 U.S.C. Sec. 1291, and affirm.
 
 
 4
 We review the district court's grant of summary judgment and application of Montana law de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994) (summary judgment); Salve Regina College v. Russell, 499 U.S. 225, 231 (1991) (state law). According to Montana law, Mergenthaler had three years to bring a negligence action against Johnson Controls, see Mont. Code Ann. Sec. 27-2-204, effective the date of his injury, see id. Sec. 27-2-102(a).
 
 
 5
 The statutory scheme has two exceptions. Mergenthaler could show that he could not have discovered Johnson Controls' relation to his injury in the exercise of reasonable diligence. See id. Sec. 27-2-102(3)(a); Bennett v. Dow Chemical Co., 713 P.2d 992, 995 (Mont. 1986). Mergenthaler argues that, because he did exercise reasonable diligence in trying to discover Johnson Controls, his attempt to amend his complaint to include Johnson should relate back to the original complaint. We agree with the district court that Keller v. Stembridge Gun Rentals, 719 P.2d 764, 765 (Mont. 1986), and section 102(3)(a) foreclose this argument.
 
 
 6
 Mergenthaler could also extend the three-year limit if he could show that Johnson Controls fraudulently concealed its relation to his injury. See Mont. Code Ann. Sec. 27-2-102(3)(b). We agree with the district court that Mergenthaler failed to make such a showing. The only evidence of fraudulent concealment, an affidavit by Mergenthaler's attorney, fails to allege a necessary element--that Johnson Controls intended to obscure its potential liability. See Much v. Sturm, Ruger & Co., 502 F. Supp. 743, 745 (D. Mont. 1980), aff'd, 685 F.2d 444 (9th Cir. 1982); Yellowstone Conference of United Methodist Church v. D.A. Davidson, Inc., 741 P.2d 794, 798 (Mont. 1987).
 
 
 7
 Mergenthaler argues that two equitable exceptions to the statute of limitations should allow him to proceed against Johnson Controls--estoppel and public policy. However, he has failed to show a necessary element of estoppel--that he could not have ascertained Johnson Controls' relation to his injury during the statutory period. See Holman v. Hansen, 773 P.2d 1200, 1204 (Mont. 1989). We acknowledge that the statutory period might have been suspended until Mergenthaler discovered the legal cause of his injury if public policy so dictated. See Grey v. Silver Bow County, 425 P.2d 819, 821 (Mont. 1967). However, we agree with the district court's assessment of the equities and policies relevant to this case.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Hon. Irma E. Gonzalez, United States District Court Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3