THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. CHARLES PSCHERHOFER, APPELLANT.

*Juror — taking stimulants before a case has been submitted — does not vitiate the
verdict — when the objection should be taken.*

The affidavits, upon a motion to set aside a verdict, tended to show that during an
adjournment of the court, and before the case was submitted to the jury, one of
the jurors was taken sick; that a physician prescribed champagne as a stimulant,
which was then administered by the attendant in charge of the jury; that the
juror exhibited no effects of intoxication, and that he took no stimulant after
the case had been submitted.

*Held,* that no cause for interfering with the verdict was shown.

That where a juror becomes for any reason incapacitated during a trial, the atten-
tion of the court should be directed to it at the time, and not after a verdict has
been rendered.

APPEAL by the defendant Charles Pscherhofer from a judgment
of the Court of Sessions of Monroe county, entered in the office of
the clerk of that county on the 21st day of April, 1891, convicting
him of the crime of grand larceny in the first degree; and also from
an order of the said court, entered in said clerk's office July 27, 1891,
denying his motion for a new trial.

*A. S. McNab,* for the appellant.

*H. H. Widener,* for the respondent.

DWIGHT, P. J.:

A careful examination of the record discloses no ground either for
reversing the judgment or for setting aside the verdict in this case.
The affidavits on which the motion was made tend to show that,
during an adjournment of the court, and before the submission of
the case to the jury, one of the jurors was taken sick, at the hotel
where they were being kept together, with symptoms of alcoholism;
that a physician was called and prescribed champagne as a stimulant,
and small quantities of spirits from time to time, and that the pre-
scription was administered by the attendant who had the jury in
charge. There is no evidence that the juror took any stimulant,
even under the prescription, after the case was submitted and the
jury retired to deliberate on their verdict; but, on the contrary, it
appears that during the deliberations of the jury his mind was clear

and composed, and that he exhibited none of the effects of intoxicating liquors.

Upon these facts no case was made for interfering with the verdict. The cases in which verdicts have been set aside for misconduct of jurors in the use of liquor are those in which the liquor has been drank — without leave of the court, or medical prescription — after the case has been submitted to the jury for their decision. (*People* v. *Schad*, 58 Hun, 571, and the cases cited.) We are not aware that a charge of misconduct of a juror, such as to vitiate a verdict, has ever been based upon the use of liquor during the trial; and it is apparent that if a juror should become from that cause, or any other, incapacitated for his duty during the progress of the trial, it would be a proper subject for the attention of the court at the time rather than after a verdict had been rendered. There is nothing in the affidavits to show that the rights of the defendant were in any manner prejudiced by reason of the matters disclosed.

On the case as presented by the record, we find no ground for the objections urged in respect to the indictment, the evidence or the alleged variance between the two. The larceny is charged, in separate counts, to have been accomplished by embezzlement and by false pretenses. both of which seem to have been substantially proved as alleged. It seems to us that both branches of the case might properly have been submitted to the jury; but the former of them was withdrawn by the court, and the case went to the jury on the single charge of larceny committed by means of false pretenses. That charge is stated in the indictment with commendable conciseness, and yet with sufficient fullness and circumstance to bring the case within the statutory definition of the crime. (Penal Code, § 528, sub. 1, and § 530, sub. 3.) And the evidence seems to us fully to support the charge. There was no exception taken on the trial which requires discussion, and we find no error in the record which vitiates the judgment.

The judgment and order appealed from must be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment and order of the Court of Sessions of Monroe county appealed from affirmed, and the case remitted to that court to proceed thereon.