**Arthur C. HORNUNG and Mildred M. Hornung, Plaintiffs,**

v.

**RICHARDSON–MERRILL, INC.
a foreign corporation,
Defendant.**

**Civ. No. 775.**

United States District Court,
D. Montana,
Billings Division.

Sept. 21, 1970.

---

4. Jenness v. Little, supra; Allen v. St. Bd. of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed. 2d 1 (1969).

**184**

William T. Kelly, Billings, Mont., Harry M. Philo, Detroit, Mich., for plaintiffs.

Weymouth D. Symmes, Anderson, Symmes, Forbes, Peete & Brown, Billings, Mont., for defendant.

## ORDER AND OPINION

RUSSELL E. SMITH, Chief Judge.

This is a products liability action. It involves MER/29, a drug manufactured by the defendant. The plaintiff husband claims that MER/29 caused his cataracts. His wife sues for loss of consortium. The complaint is in four counts, the first based on negligence, the second on strict liability in tort, the third on implied and express warranty, and the fourth on a fraudulent concealment of facts to the Federal Food and Drug Administrator. The action was filed September 23, 1968. The damage suffered by the plaintiff husband occurred some time prior to September, 1963. Defendant claims that all counts are barred by the applicable statutes of limitations and moves for a summary judgment on that ground.

The two-year limitation[1] is applicable to Count IV, and the three-year limitation[2] is applicable to Counts I, II, and III, even though Count III is stated in terms of implied and express warranty.

■ The tort limitation is applied to the warranty count for these reasons: In the absence of a controlling decision of the Supreme Court of the State of Montana, the federal courts in Montana sitting in diversity cases have looked to and adopted as the applicable rule of law in Montana the Restatement of the Law of Torts, Second,[3] and the strict liability rule announced therein.[4] The strict liability rule will be applied in this case.

■■ As stated by the opinion of the Court in Davis v. Wyeth Laboratories, Inc., 399 F.2d 121 (9 Cir. 1968), the difference between warranty and strict liability in tort is in terminology and the elements of the liability are the same. In this case it would be pure fiction to hold that there was a contract between the plaintiff and the defendant. Since the obligation imposed upon a seller who is not in privity with the buyer is one imposed by law, tort rather than contract rules, including the tort statute of limitations, should be applied.[5]

■ The limitation applicable to the count of fraudulent concealment (without any expression as to the validity of such count) is two years after discovery.[6] The Montana rule with respect to discovery is:

" 'It is not enough for the plaintiff merely to say that he was ignorant of the facts at the time of their occurrence, and has not come into knowledge of them within two years. He must show that the facts of fraud were committed under such circumstances that he would not be presumed to have knowledge of them, it being the rule that if he has notice of information of circumstances which would put him on inquiry which if

1. R.C.M.1947, 93–2607(4).

2. R.C.M.1947, 93–2605(3).

3. Jacobson v. Colorado Fuel and Iron Corporation, 409 F.2d 1263 (9 Cir. 1969), Davis v. Wyeth Laboratories, supra, a case tried in the federal courts in Idaho but controlled by Montana law.

4. Restatement of the Law of Torts, Second §§ 388 and 402(a).

5. Prosser on Torts, 3d ed., at pages 651 and 652; see Quitmeyer v. Theroux, 144 Mont. 302, 395 P.2d 965 (1964), which though factually different indicates that the Supreme Court of Montana is not, in its selection of an applicable statute of limitations, bound by the label placed upon the cause of action by the plaintiff.

6. R.C.M.1947, § 93–2607(4); Falls Sand & Gravel Co. v. Western Concrete, Inc., 270 F.Supp. 495 (D.Mont.1967).

followed would lead to knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge of the facts.' "[7]

The three year statute[8] applicable to Counts I, II and III, does not contain language delaying the commencement of the action until discovery. The Montana rule however is: Where a person is ignorant of the fact that he has been damaged by the defendant, and consequently ignorant of his right of action, the cause does not accrue until the person learns, or in the exercise of reasonable care and diligence should have learned, the cause of his damage,[9] subject however to the duty of the court to balance the diligence of the plaintiff as against the prejudice caused to the defendant by the delay.[10]

In support of its motion for summary judgment defendant shows by affidavit that wide publicity was given to the relationship between MER/29 and cataracts, and argues that plaintiffs ought to have had knowledge long before they admit to knowing of the possible causal connection between MER/29 and the plaintiff husband's damage. Defendant's proof does not however show that plaintiffs had any specific knowledge that MER/29 was the source of the damage. A finder of fact might infer from what was shown that plaintiffs had such knowledge, but where there is a permissible inference of knowledge on the one side and a categorical denial of knowledge on the other, it cannot be said, on motion for summary judgment, where all of the doubts must be resolved against the moving party, that there is not a genuine issue of fact. On the trial of the case the Court[11] will resolve the issue of fact on the basis of the evidence presented.

The motion for summary judgment is denied.

---

7. Falls Sand & Gravel v. Western Concrete, Inc., supra, fn. 6 and the Montana cases therein cited.

8. R.C.M.1947, 93–2605(3).

9. This much of the rule comes from Johnson v. St. Patrick's Hospital, 148 Mont. 125, 417 P.2d 469 (1966), which was a foreign objects case. I extend that doctrine to this case without any intimation that it goes beyond the facts in this case, because I cannot distinguish in principle between a person who is ill because of the dereliction of a surgeon who leaves a foreign object in the body and one who is ill because of the dereliction of a manufacturer of medicine who is responsible for the harmful effects of the medicine in the body if in both cases the ill person is unaware of the cause of his illness.

10. The equitable limitation of the so-called "discovery" rule is announced in Grey v. Silver Bow County, 149 Mont. 213, 425 P.2d 819 (1967).

11. I would have thought that the fact problems surrounding the application of a statute of limitations would be resolved by a jury in a jury case, but apparently the rule is otherwise. Falls Sand & Gravel v. Western Concrete, Inc., supra; Owens v. White, 342 F.2d 817 (9 Cir. 1965).