IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 82-255

DANIEL MASSE and JUSTINE
MASSE, husband and wife,
    Plaintiffs and Respondents,

      v.

THE STATE OF MONTANA
DEPARTMENT OF HIGHWAYS,
    Defendant and Appellant.



ORDER

The Court has fully considered petition for rehearing filed by the State of Montana Department of Highways, and being fully advised finds that a correction should be made in the opinion originally issued.

The opinion entitled Masse v. State of Montana Department of Highways published at 40 St.Rep. 730 should be corrected so that the fifth paragraph on page 733 of the opinion reads as follows:

> "The cause of action is one for negligence. The applicable statute of limitations is three years. Section 27-2-204(1), MCA. The statute of limitations commences to run when the cause accrues or, at the latest, on the date of discovery. Thompson v. Nebraska Mobile Homes Corp. (1982), _____ Mont. _____, _____, 647 P.2d 334, 338, 39 St.Rep. 1094, 1100. On remand, findings should be made regarding the date the Masses discovered facts which would give rise to a cause of action against the Department of Highways. Then, a conclusion should be drawn as to whether or not the original complaint was filed within three years of the date of discovery of facts which did, or through the exercise of reasonable care should have, apprised the Masses of the accrual of a cause of action against the Department of Highways."

As amended the opinion is approved and the petition for a rehearing is denied.

_____
Chief Justice

_____

_____

_____

_____
Justices

No. 82-255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

DANIEL MASSE AND JUSTINE MASSE,
Husband & Wife,

Plaintiff and Respondent,

-vs-

THE STATE OF MONTANA, DEPARTMENT
OF HIGHWAYS,

Defendant and Appellant.

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Missoula, The Honorable
John S. Henson, Judge presiding.

Counsel of Record:

For Appellant:

Beate Galda, Dept. of Highways, Helena, Montana

For Respondent:

Terry Wallace, Missoula, Montana

Submitted on Briefs:  March 3, 1983

Decided:  May 19, 1983

Filed:  **MAY 19 1983**

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

An amended judgment was issued by the Fourth Judicial District Court on April 2, 1982, establishing the common boundary line between property owned by the Masses and a right-of-way belonging to the Montana Department of Highways. It also found that a negligent act by the Department of Highways proximately caused uncertainty regarding Masses' property line and awarded Masses $28,368.56 in damages, plus interest thereon at the rate of ten percent (10%) per annum. The Montana Department of Highways now appeals that amended judgment. We reverse and remand for a new trial.

Daniel and Justine Masse were owners of real property located in Section 22, Township 12 North, Range 17 West, M.P.M. in Missoula County near Clinton, Montana. An interstate highway project, Clinton - East and West, was built in that area from 1970 to 1972 by Washington Construction, a contractor for the Department of Highways.

During construction of the interstate, The Department of Highways' project manager and his crew staked locations along newly acquired right-of-way for later placement of right-of-way monuments by Washington Construction. The Department acquired new right-of-way from Masses' neighbor to the east, John Stitt, but acquired no new right-of-way from the Masses. Nevertheless, in October of 1972, a right-of-way monument was placed at the site of a stake on the Masse property at the section line between Sections 21 and 22. It was placed approximately three feet inside the existing fence bordering the Masses' property.

In March of 1973, the Masses entered into an agreement with a real estate broker, Arthur J. Rapp, to sell their property.

The survey firm of Ainsworth and Associates was hired in July of 1973 to resurvey the Masse property. Ignoring other survey monuments on the property, the survey crew utilized a right-of-way monument on the Stitt-Masse property boundary line and the right-of-way monument on the section line between sections 21 and 22 to conduct their survey. The crew determined that the Masse property encroached upon the Department of Highway's right-of-way. Specifically, the right-of-way boundary went across the porch of the Masses' business, Poor Henry's Bar. The listing agreement was voluntarily cancelled by both parties upon discovery of the encroachment.

Mr. Rapp testified at trial that there had been prospective buyers of the Masse property and that he had been confident that he would find a ready, willing and able buyer. No exact fair market value for the property was given.

Mrs. Masse testified that an $85,000 cash sale of the property was lost because of the boundary uncertainty. She also testified that the interest rate at that time was seven or eight percent. Mr. Masse testified that the property was offered for sale at $125,000 and that he had received several informal offers to buy. He believes he could have sold the property at that time had it not been for the boundary dispute.

After completion of the Ainsworth survey, Mr. Masse traveled to Helena to discuss the boundary problem with representatives of the Department of Highways. The right-of-way monument on the section line between Sections 21 and 22 on the Masse property, was removed by the Department of Highways on August 7, 1973. Mr. Masse contends that the removal of the monument increased the confusion over his boundary line.

3

Pursuant to an agreement between the Masses and the Department of Highways, Charles W. Hegman, project manager and land surveyor with the Department of Highways, resurveyed the highway right-of-way in the spring of 1975. The survey was filed in February of 1976 as Certificate of Survey No. 777. That survey showed no property belonging to the Masses encroaching upon the highway right-of-way. The right-of-way line was three feet south of the porch of Poor Henry's Bar.

Although the Department of Highways apparently considers Certificate of Survey No. 777 to accurately represent the highway right-of-way, the State of Montana has refused to acknowledge that line as the boundary between the highway right-of-way and Masses' property. Another survey was conducted by Mr. Hegman in 1981 at the request of the Department of Highways. The Masses' boundary line was determined to lie approximately 3½ feet north of the highway right-of-way.

The Masses sold part of their property in December 1976 for $142,111. The sale was based on the 1973 Ainsworth survey and subject to the pending right-of-way dispute.

Masses filed a complaint against the Department of Highways on October 19, 1977, alleging that the Department and its agents "illegally confiscated, claimed and used property of the Plaintiffs." The complaint requested compensation for loss of interest on frustrated sales, loss of the value of land illegally confiscated, loss due to illegal and continuing trespass, and other expenses.

Trial was held before a district judge on February 17 and 18, October 5 and 19, and December 1, 1981. At the close of their case-in-chief, October 19, 1981, Masses moved for leave to amend the pleadings to conform to the evidence. The Department of Highways responded by raising statutes of

4

limitations and sovereign immunity defenses. The motion to amend the pleadings was granted and the cause of action became one in negligence.

Forty-four findings of fact and eleven conclusions of law were issued by the trial court on January 8, 1982. Pursuant to a motion to amend by the Department of Highways, amended findings of fact, conclusions of law and judgment for Masses were entered April 2, 1982. The amended judgment established the boundary line shown in Certificate of Survey No. 777 as the correct boundary line between the Masses' property and the Department of Highways' right-of-way.

The Department of Highways was found to have negligently and erroneously placed a right-of-way monument on the section line between Section 21 and 22 on Masses' property. That negligent act was found to be the proximate cause of the uncertainty of Masses' boundary line. The uncertainty in the boundary line was found to be the proximate cause of lost sales of Masses' property. Masses were awarded compensation representing their lost interest payments on a potential 1973 contract for sale of their property and expenses accrued in resolving the boundary dispute.

The Department of Highways raises the following issues in this appeal of the judgment:

1. The District Court erred in finding the defendant liable for damages.

    A. The plaintiffs' causes of action sounding in tort are barred by the statute of limitations and sovereign immunity.

    B. The remaining causes of action are unsupported by the evidence.

2. The District Court's findings of fact and conclusions of law are not supported by the evidence.

3. The evidence does not support the damages awarded by the District Court.

We reverse and remand for a new trial on the statute of limitations defense and the damages issue.

The Department of Highways raised a statute of limitations defense at trial. The trial court did not address the defense when it was raised or in its findings of fact and conclusions of law. We are unable to determine why the trial court considered the statute of limitations not to have run prior to the filing of the original complaint on October 19, 1977.

The cause of action is one for negligence. The applicable statute of limitations is three years. Section 27-2-204(1), MCA. The statute of limitations commences to run when the cause accrues or, at the latest, on the date of discovery of the cause of action. Thompson v. Nebraska Mobile Homes Corp. (1982), ____Mont.____, ____, 647 P.2d 334, 338, 39 St.Rep. 1094, 1100. On remand, findings should be made regarding the date the Masses discovered they had a cause of action against the Department of Highways. Then, a conclusion should be drawn as to whether or not the original complaint was filed within three years of the date of discovery.

The Department of Highways alleges that seventeen findings of fact and nine conclusions of law are not supported by the evidence. "The function of this Court is to determine whether there is sufficient evidence to support the district court's findings and those findings will not be set aside unless there is a clear preponderance of evidence against them." Kearns v. McIntyre Construction Co. (1977), 173 Mont. 239, 249, 567 P.2d 433, 438. We have reviewed the record and have found either harmless error or sufficient

evidence to support each of the findings except the one pertaining to damages.

There was insufficient evidence in the record to support the District Court's finding that Masses lost a $125,000 contract sale of their property because of the boundary dispute. On remand, Masses must show that they had a prospective buyer who would have purchased their property for a specified price but for the boundary dispute or otherwise present damage testimony which supports the trial court's findings.

Finally, the District Court improperly awarded Masses interest on this judgment. Section 2-9-317, MCA.

Reversed and remanded for new trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7