No. 85-183

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

TIMOTHY E. BENNETT,

       Plaintiff and Appellant,

-vs-

DOW CHEMICAL COMPANY, a corp., VELSICOL
CHEMICAL COMPANY, a corp., RANCHER'S AGRA
SERVICES, INC., a corp., E.C.A. ENVIRONMENTAL
MANAGEMENT SERVICES, INC., a Mont. corp., and
MONTANA MERCHANDISING, INC., a corp., d/b/a
AGRICULTURAL MANAGMENT SERVICES; WESTERN RANCH
SUPPLY CO., a corp.; SUPERIOR FIRE APPARATUS
COMPANY, a corp., and BROYHILL COMPANY, a corp.,

       Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Smith Law Firm; Robert J. Sewell argued, Helena,
        Montana

    For Respondents:

        Boone, Karlberg & Haddon; Randy J. Cox argued for
        Dow Chemical, Rancher's Agra, Western Ranch Supply,
        Superior Fire Apparatus & Broyhill Co., Missoula,
        Montana
        Keller, Reynolds, Drake, Sternhagen & Johnson; Richard
        E. Gillespie argued for Velsicol Chemical, Helena,
        Montana
        M.K. Daniels, Rancher's Agra Services, Deer Lodge,
        Montana
        Alexander & Baucus; Gary M. Zadick argued for E.C.A
        Environmental Management, Great Falls, Montana
        Henningsen & Purcell; James F. Purcell, Western Ranch
        Supply, Butte, Montana
        Gough, Shanahan, Johnson & Waterman; Joseph P. Mazurek,
        Superior Fire Apparatus, Helena, Montana
        Hooks & Budewitz; Patrick F. Hooks, Broyhill Co.,
        Townsend, Montana

Submitted: December 4, 1985
Decided: February 6, 1986

Filed: FEB 6 1986

_Ethel M. Harrison_

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Appellant brought this action in Lewis and Clark County District Court alleging claims in both tort and contract. The District Court granted summary judgment in favor of all respondents except Rancher's Agra Services, Inc., because the statute of limitations had expired. Rancher's Agra Services, Inc., had failed to file an answer so its motion for summary judgment was denied. Appellant appeals the summary judgments. Rancher's Agra Services, Inc., asks that this Court direct the District Court to grant its motion for summary judgment, because the same statutes of limitations that apply to the other respondents apply to it also.

We will consider the following two issues raised by appellant:

1. Does the statute of limitations accrue from the date of injury, date of discovery of the facts which would give rise to a cause of action, or date of discovery of the legal right to a cause of action?

2. Which statute of limitations is applicable to claims of breach of seller warranties where privity is absent between the claimant and defendant?

The Court will also consider whether or not to order entry of summary judgment in favor of Rancher's Agra Services, Inc.

The following scenario is taken from appellant's alleged facts.

Appellant was employed by Powell County in the summer of 1979 as a weed sprayer for the Powell County Weed Control Board. He worked under the supervision of Ralph Beck.

On July 2, 1979, appellant was on the job with Beck and his co-workers on the Cliff Gravely property near the Little Blackfoot River between Garrison and Avon. He was holding the spray gun in his hands and one of his other co-workers started the pump. The hose connecting the gun to the pump suddenly separated at the gun spraying appellant in the chest, head and face with a herbicide mixture. Beck took appellant to the river and washed him off.

Within a few days, appellant began to feel weak and experienced stomach cramps and diarrhea. By July 11, 1979, he was losing control of his extremities. He found that he was unable to complete simple tasks such as flipping a light switch or turning on the TV because his fingers would not work. His legs were likewise unusable.

Appellant consulted Stan Smith, M.D., on July 11, 1979, concerning his symptoms and was advised that he was suffering from peripheral neuropathy as a result of exposure to chemical herbicides. Appellant gradually began to recover over the next several months, but he has permanently lost some function and use of his extremities.

On August 9, 1979, Beck brought appellant to Helena and assisted him with the filing of his workers' compensation claim. Appellant was placed on temporary total disability benefits.

In September 1980, appellant was notified by the Workers' Compensation Division that his claim was being reclassified as an occupational disease. Concerned about the implications of such reclassification, he retained an attorney, David M. McLean, to represent him on September 11, 1980. If the instant action had been filed at this time, there would have been no statute of limitations problem.

Appellant continued to receive compensation until the spring of 1984. On March 17, 1984, he met with McLean concerning resolution of his claim and was advised that he might have a third party claim against the persons and companies involved in the production, distribution, and sale of the herbicides and spraying equipment. We note that this advisement came three and one-half years after Mr. McLean was originally retained by appellant. The instant action was commenced on July 6, 1984. Appellant claims counts in strict liability in tort, tortious misrepresentation, negligence and contract for breach of sellers' warranty.

Appellant's employer, Powell County, purchased 2-4D and TORDON manufactured by DOW, and BANVIL-D, manufactured by Velsicol, from Rancher's Agra. The sprayer was manufactured by Broyhill and purchased by Powell County from Agricultural Management. Superior Fire performed fabrication and installed parts on the sprayer. The parts were provided by Broyhill, Agricultural Management, and Western Ranch Supply. The purchases, fabrication and installation of parts all occurred prior to the accident. Appellant had no direct written contract with any of the respondents.

The applicable statute of limitations period for actions in negligence and products liability in tort is three years. Section 27-2-204, MCA.

The District Court found that the three-year tort statute of limitations had run on the products liability, tortious misrepresentation and negligence counts. The court also found that there was no contract from which to imply the warranties which appellant claims were breached. The court reasoned that without a contract the breach of warranty claims sounded in tort rather than contract. Therefore, the

4

warranty claims were also barred by the tort statute of limitations.

Appellant first contends that the statute of limitations did not begin running until March 17, 1984, when his attorney advised him that he may have a third party claim against respondents. Appellant is asking us to apply a "discovery rule" by which the statute of limitations was tolled until the appellant "discovered" his legal rights. This application would delay the initial running of the statute by almost five years, because the injury occurred and legal cause was discovered in July 1979.

This Court follows the general rule that the fact that a party with a cause of action has no knowledge of his rights, or even the facts out of which the cause arises, does not delay the running of the statute of limitations until he discovers the facts or learns of his rights under those facts. Carlson v. Ray Geophysical Division (1971), 156 Mont. 450, 454, 481 P.2d 327; Kerrigan v. O'Meara (1924), 71 Mont. 1, 8, 227 P. 819. However, the application of the general rule becomes difficult where the injured person is prevented from knowing of his injury by concealment or other circumstances. In such cases, we have recognized certain exceptions which toll the running of the statute until the injury is discovered. See Monroe v. Harper (1974), 164 Mont. 23, 518 P.2d 788. In Grey v. Silver Bow County (1967), 149 Mont. 213, 425 P.2d 819, we extended application of this "discovery rule" in a malpractice action to a situation where the plaintiff was unable to discover his injury until his cast was removed. We tolled the statute until the injury was discovered, thereby delaying the running of the period by fifty-seven days. Also in Grey, 424 P.2d at 821, we

5

announced the equitable limitation of the discovery rule of giving full scope to the statute of limitations on the one hand and according a reasonable measure of justice to the plaintiff on the other. The Federal District Court in Billings took this lead from Grey and, after considering the equities, applied the discovery doctrine in a products liability action to toll the statute of limitations until the plaintiff discovered that his cataracts may have been caused by the drug MER/29. Hornung v. Richardson-Merril, Inc. (D. Mont. 1970), 317 F.Supp. 183. Hornung, then, stands for the idea that a statute of limitations can be tolled until the plaintiff discovers the legal cause of his injury if equity so dictates. However, in 1980, the Federal District Court in Butte specifically refused to require discovery of the legal cause of an injury to initiate the running of a statute of limitations. Much v. Sturm, Ruger & Co., Inc. (D. Mont. 1980), 502 F.Supp. 743, 745. Hornung therefore marks the farthest reaches of discovery doctrine in Montana.

As such, there is no Montana precedent for utilizing discovery doctrine to toll the statute of limitations beyond discovery of the cause of an injury. However, appellant here would have us extend the doctrine to toll the statute for five years beyond the discovery of the cause of his injury up until the day he discovered his legal rights. Taken to its logical extreme, and in consideration with the continuing development of new torts and property rights, appellant's position could have the effect of forever denying potential defendants the benefits of a statute of limitations. Moreover, this Court's adoption of appellant's position in this case would encourage less diligent performance of duties by attorneys.

In view of these public policy considerations and the extreme delay involved in the instant case, the equities do not weigh in appellant's favor. Therefore, under the facts of this case, we expressly decline to extend discovery doctrine to toll statutes of limitation until discovery of legal rights. We affirm the District Court and hold that appellant's tort claims were barred by the three-year tort statute of limitations which began running in July of 1979, when both injury and discovery of legal cause occurred.

Appellant then contends that one of the longer contract statute of limitations, §§ 27-2-202(2), 27-2-202(1), or 30-2-725, MCA, instead of the tort statute of limitations should apply to his breach of warranty claims. We disagree.

Appellant's breach of warranty claims include breach of the implied covenants of good faith and fair dealing, fitness for a particular purpose, merchantability and performance in a workmanlike manner. These covenants are imposed by law regardless of contract. As such, and absent contract, breach of the implied covenants sound in tort--not contract. See Degnan v. Executive Homes, Inc. (Mont. 1985), 696 P.2d 431, 435, 42 St.Rep. 262, and Gates v. Life of Montana Ins. Co. (Mont. 1983), 668 P.2d 213, 215, 40 St.Rep. 1287. Appellant has no contract with respondents here. We therefore affirm the District Court's conclusion that appellant's breach of warranty claims are barred by the three-year tort statute of limitations.

We will now consider the request of Rancher's Agra Services, Inc., for this Court to order the District Court to enter summary judgment by reason of the running of the statute of limitations in its favor. Rule 8(c), M.R.Civ.P., provides that a defense of the running of the statute of

7

limitations is an affirmative defense and can only be raised by answer. Taylor v. Dept. of Fish, Wildlife & Parks (Mont. 1983), 666 P.2d 1228, 1233, 40 St.Rep. 1112. Rancher's has never filed an answer nor provided this Court with any reason for this failure. We can perceive no reason to excuse it from filing an answer. The request is denied.

The District Court is affirmed on all issues.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

8