Charles J. STERNHAGEN, Plaintiff,

v.

DOW COMPANY, Chevron Chemical Company, Monsanto Company, Stauffer Chemical Company and John Doe Companies 1 through 4, Defendants.

No. CV–88–158–GF.

United States District Court,
D. Montana,
Great Falls Division.

Feb. 22, 1989.

---

Richard W. Anderson, Anderson, Edwards & Molloy, Billings, Mont., for plaintiff.

Charles R. Cashmane, John E. Bohyer, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Mont., for Chevron Chemical Co.

Robert P. Piper, Karr Tuttle Campbell, Seattle, Wash., Jack L. Lewis, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for Monsanto Co.

Robert J. Vermillion, Smith, Walsh, Clarke & Gregoire, Great Falls, Mont., Stanley Pierce, Joseph Ortego, Josh Kardisch, Rivkin, Radler, Dunne & Bayh, Uniondale, N.Y., for Dow Co.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

■ The plaintiff, Charles J. Sternhagen, instituted the present action to recover damages emanating from personal injuries he sustained as a result of his exposure to 2,4–D, a chemical contained in herbicide products manufactured or marketed by the named defendants. Sternhagen alleges his exposure to the defendants' products caused him to develop non-Hodgkins lymphoma. Sternhagen's complaint pleads a cause of action against the named defendants for strict liability in tort. The matter is presently before the court on motion of defendant, Dow Company, requesting the court to dismiss the action as against that entity upon the ground the period of limitations applicable to Sternhagen's claim has expired.[1]

Jurisdiction is founded upon diversity of citizenship. 28 U.S.C. § 1332.

Dow Company predicates its motion upon the allegations contained in Sternhagen's complaint. In that regard, Sternhagen admits that he was last exposed to "herbicides", and hence any product manufactured or marketed by Dow Company, in 1950. Sternhagen further states that he was diagnosed in 1981 as having developed non-Hodgkins lymphoma. Sternhagen's complaint was filed on August 22, 1988. Based upon these facts of record, Dow Company submits Sternhagen is precluded from pursuing the present cause of action since, he failed to commence the action within the three year period of limitations prescribed by Montana law for actions founded upon strict liability in tort.

### DISCUSSION

■ A motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) admits the well-pleaded material allegations of the complaint but denies their legal sufficiency. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). Consequently, a Rule 12(b)(6) motion shall not be granted unless it appears to a certainty the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Restated, dismissal pursuant to Rule 12(b)(6) is improper where the material allegations of plaintiff's complaint, viewed in their most favorable light, are legally sufficient to establish a claim. *See, Paolini v. Channel Home Centers*, 668 F.2d 721 (3rd Cir. 1981). Dow Company asserts the allegations of the complaint establish that Sternhagen's claim against Dow Company is barred by the applicable statute of limitations.

■ In determining the proper period of limitations in an action wherein jurisdiction is founded upon diversity of citizenship, the federal court must ascertain and apply the statute of limitations which would be applied by the forum state's courts in a similar action. *Robuck v. Dean Witter & Co., Inc.*, 649 F.2d 641, 644 (9th Cir.1980). The federal court is, of course, to be guided in its application of the statute by the interpretation afforded the statute by the courts of the forum state. *Clark v. Musick*, 623 F.2d 89 (9th Cir.1980). The period of limitations recognized in Montana as applicable

---

1. Dow Company has framed its motion as a motion to dismiss brought pursuant to Fed.R. Civ.P. 12(b)(6). The plaintiff challenges the procedural propriety of Dow Company's utilization of Fed.R.Civ.P. 12. Contrary to the plaintiff's asertion, the defense of limitations may be raised on a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim if the complaint shows affirmatively that the claim is barred. *See, e.g., Hanna v. United States Veterans Administration Hospital*, 514 F.2d 1092 (3rd Cir. 1975). However, if there exists a question of fact regarding the defense, the issue cannot be determined on affidavits or other matters beyond the pleadings unless the motion to dismiss is treated as a motion for summary judgment. Fed.R.Civ.P. 12(b); *United States v. Lewisburg Area School District*, 539 F.2d 301 (3rd Cir. 1976). Dow Company has not presented matters outside the pleadings in support of its motion. Accordingly, the motion need not be converted into one for summary judgment and disposed of under Fed.R.Civ.P. 56, but is appropriately treated as a motion to dismiss under Fed. R.Civ.P. 12(b)(6). In that regard, the court expressly declines to consider the affidavit submitted by Sternhagen in opposition to the defendant's motion to dismiss.

to claims founded upon strict liability in tort is three years, as established by Mont. Code Ann. § 27–2–204(1) (1987). *See, Buhl v. Biosearch Medical Products,* 635 F.Supp. 956, 959 (D.Mont.1985); *Thompson v. Nebraska Mobile Homes Corp.,* 198 Mont. 461, 647 P.2d 334 (1982). Because Sternhagen did not commence his action until seven years after he was first diagnosed as having non-Hodgkins lymphoma he is precluded, upon the face of his complaint, Dow Company submits, from maintaining the present action. The court disagrees.

The time at which a right of action in tort accrues is not defined by Montana statute. This court has previously held, however, that accrual occurs upon injury in tort actions. *See, Buhl v. Biosearch Medical Products,* 635 F.Supp. at 959; *Much v. Sturm, Ruger & Co.,* 502 F.Supp. 743, 745 (D.Mont.1980), *aff'd,* 685 F.2d 444 (9th Cir. 1982). Exceptions to the general rule have consistently been recognized under Montana law. One such exception, the "discovery doctrine" has been judicially applied to toll the statute of limitations in cases where, in light of the nature of the injury or the parties' relationship, it is virtually impossible for the plaintiff to realize he has a cause of action. *See, Johnson v. St. Patrick's Hospital,* 148 Mont. 125, 417 P.2d 469 (1966); *Keneco & Kenik v. Cantrell,* 174 Mont. 130, 568 P.2d 1225 (1977). The "discovery doctrine" has most often been applied in cases involving latent injuries. *See, Monroe v. Harper,* 164 Mont. 23, 518 P.2d 788 (1974); *Hornung v. Richardson–Marrill, Inc.,* 317 F.Supp. 183 (D.Mont.1970). This exception is now codified at Mont.Code Ann. §§ 27–2–203, 205 and 206 (1987).

■ It is true, as Dow Company asserts, that the "discovery doctrine" may not be utilized to toll the statute of limitations beyond the discovery of the cause of an injury. *See, Bennett v. Dow Chemical Co.,* 220 Mont. 117, 713 P.2d 992, 995 (1986). Consequently, the doctrine cannot be utilized to delay the running of the statute of limitations until an injured person discovers the facts or learns of his rights under those facts. *Id.* (*citing, Much v. Sturm, Ruger & Co., Inc., supra,* 502 F.Supp. at 745). The court agrees that the Montana Supreme Court's decision in *Bennett* rejects the rationale expressed by this court in *Hornung,* to the extent the rationale expressed in *Hornung* stands for the proposition that the statute of limitations can be tolled "beyond the discovery of the cause of [the plaintiff's] injury up until the day he discovered his legal rights." *Bennett v. Dow Chemical Co.,* 220 Mont. 117, 713 P.2d at 995. The court categorically rejects, however, the suggestion that *Bennett* should be extrapolated to exclude application of the discovery doctrine to that situation where the plaintiff does not discover, or by the exercise of reasonable diligence could not have discovered, his injury and its cause. The upshot of Dow Company's proposition is that the court in *Bennett* intended to abolish, in one fell swoop, a principle of substantive law firmly rooted in the law of Montana.

■ Even a cursory review of the *Bennett* decision reveals the court took caution to precisely define the issue it intended to address.[2] The court was prudent in emphasizing that the extent of its decision was to "expressly decline to extend the discovery doctrine to toll statutes of limitation until discovery of legal rights." 713 P.2d at 995. The court expressly recognized that a cause of action accrues from the date of discovery of the facts which would give rise to a cause of action. 713 P.2d at 994–995. In so doing, the court simply reaffirmed the law of Montana regarding the accrual of a cause of action in tort.[3] Consequently, the critical determina-

---

2. The court framed the accrual issue as follows: "Does the statute of limitations accrue from the date of injury, date of discovery of the facts which would give rise to a cause of action, or date of discovery of the legal right to a cause of action?"

3. A cause of action "accrues" when the plaintiff can show that the defendant has wrongfully infringed upon his person or property. *See, Bergin v. Temple,* 111 Mont. 539, 546–47, 111 P.2d 286, 289 (1941); *see also, Thompson v. Mobile Homes Corp.,* 198 Mont. 461, 647 P.2d 334 (1982); *Masse v. State Dept. of Highways,*

tion to when a cause of action accrues is knowledge of the facts essential to the cause of action. *See, Burgett v. Flaherty,* 204 Mont. 169, 663 P.2d 332, 334 (1983). The issue of when a particular plaintiff's cause of action in tort accrued is ordinarily a question of fact for the jury to determine with the defendant bearing the burden to prove this affirmative defense. *See, Thompson v. Nebraska Mobile Homes Corp., supra,* 647 P.2d at 338; *see also, Hill v. Squibb & Sons, E.R.,* 181 Mont. 199, 592 P.2d 1383 (1979). Sternhagen alleges in his complaint that he "neither was nor reasonably could have become aware of the connection between his disease and his exposure to defendants' products until 1986...." Pursuant to its Fed.R.Civ.P. 12(b)(6) motion, Dow Company admits Sternhagen's allegation that he did not discover, nor through the exercise of reasonable diligence could have discovered, the cause of his injury until 1986. *See, Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). Accordingly, it cannot be said, as Dow Company suggests, that the allegations of Sternhagen's complaint are legally insufficient to establish a claim. *Id.; see also, Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, the motion to dismiss of Dow Company is appropriately DENIED.

IT IS SO ORDERED.

204 Mont. 146, 664 P.2d 890 (1983). *Wellman v. Wellman,* 205 Mont. 504, 668 P.2d 1060 (1983).