JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
In my opinion, the majority has ignored recent decisions of this Court involving statute of limitations and has enlarged the discovery exception by relying upon a theory of “nuisance” under § 27-30-101, MCA, a theory which was never argued to the District Court or to this Court.
This Court, in Holman v. Hanson (Mont. 1989), [237 Mont. 198,] 773 P.2d 1200, 1203, 46 St.Rep. 734, 738, stated:
“[W]hether there has been a ‘discovery’ of facts sufficient to start the running of the statute of limitations is a question of law.”
The majority has correctly concurred with the District Court that the plaintiff had knowledge of the cause of injury as of September 25, 1985, but then ignores this Court’s comments in Bennett v. Dow Chemical Co. (1986), 220 Mont. 117, 121, 713 P.2d 992, 995,
“[T]here is no Montana precedent for utilizing discovery doctrine to toll the statute of limitations beyond discovery of the cause of an injury.”
The appellant has, in effect, argued that the statute of limitations in this case should be tolled until his damages had stabilized and stated in his reply brief:
“Plaintiff had no idea how many more, if any, additional cattle would die as a result of the lead poisoning. His damages had, in no way, stabalized [sic] and, his cattle continued to die for the remainder of 1985 and all of 1986.”
This argument was rejected by this Court in E.W. v. D.C.H. (Mont. 1988), [231 Mont. 481,] 754 P.2d 817, 820-21, 45 St.Rep. 778, 783:
“Finally, it is argued that the running of the statutory period *27 should be tolled because EW’s injuries were not complete until after the statute of limitations had run. However, ‘it is not necessary to know the total extent of damages that an act causes to begin the running of the statute of limitations.’. . . New are the injuries that could not someday develop additional consequences. To adopt the theory advocated by EW would again postpone the statutory period indefinitely.
“Section 27-1-203, MCA, provides that ‘damages may be awarded . . . for detriment. . . certain to result in the future.’ In Frisnegger v. Gibson (1979), 183 Mont. 57, 598 P.2d 574, we construed § 27-1-203 consistent with the Montana practice of instructing juries that damages need only be reasonably certain. 183 Mont. at 71, 598 P.2d at 582. Under the Frisnegger rationale, EW could have presented evidence of, and received damages for, future harm, if any. (Citations omitted.)” .
In my view, the appellant’s stabilization argument is without merit in view of the statement in the September 25, 1985, letter of demand that:
“As a result of your failure to clean up the property, my brother has suffered the loss of at least six head of grown cattle and may incur substantial expense in drawing blood and testing the same on over 700 head of cattle.”
and the further argument of appellant set forth above that cattle “continued to die for the remainder of 1985 and all of 1986.”
The majority has apparently agreed that the stabilization argument is without merit by stating in the majority opinion:
“Here, the damage was permanent in that six cows had died before September 25, 1985, and the remaining damage was reasonably ascertainable through testing of the remainder of the herd.”
I concur that the remaining damage was reasonably ascertainable and would, therefore, affirm the ruling of the District Court.
CHIEF JUSTICE TURNAGE concurs in the dissent of JUSTICE GULBRANDSON.