8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Boring FITZGERALD, Plaintiff-Appellant,
v.
MONTANA DEPARTMENT OF FAMILY SERVICES, et al., Defendants-Appellees.
 No. 92-35001.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Aug. 30, 1993.
 
 1
 Before BEEZER and HALL, Circuit Judges, and CONTI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Frank Boring Fitzgerald appeals pro se from the district court's dismissal and summary judgment order against him in his 42 U.S.C. § 1983 action. Fitzgerald alleged that various employees of the Montana Department of Family Services and others violated his right to maintain relations with his daughter. The district court dismissed Fitzgerald's claims against the agencies and employees of the state of Montana under Fed.R.Civ.P. 12(b)(6). The district court granted summary judgment in favor of the remaining defendants. We affirm.
 
 
 4
 * Margaret Moore was born in 1972 to Jewel Moore. The Montana Department of Social and Rehabilitative Services removed Margaret Moore from her mother's home at the age of six alleging abuse. The mother's parental rights were terminated in 1980; Margaret Moore was placed in a foster home.
 
 
 5
 In 1980, Fitzgerald was confirmed as Margaret Moore's biological father. His parental rights were terminated in 1981; in 1982 the Montana Supreme Court reversed and remanded the case to state district court. Following remand, the termination proceedings were halted by stipulation of the parties. The stipulation allowed Margaret Moore to live with Fitzgerald on a trial basis. A psychologist determined that Margaret Moore suffered substantial psychological impairment during the six week period she spent with Fitzgerald, and she was returned to foster care. In 1986, the state of Montana acquired permanent custody of Margaret Moore by court order. The Montana Department of Social and Rehabilitative Services placed Margaret Moore in the Casey Family Program, a non-profit, private, long-term foster care charity. Margaret Moore was placed by the Casey Family Program with the Kenneth Curtis family; she has been with the Curtises ever since. As of 1992, she was married and attending Montana State University.
 
 
 6
 Fitzgerald has been litigating his parental rights and obligations in state court since 1981. He filed this civil rights complaint on April 6, 1990. The named defendants in this action fall into three categories: Montana state agencies and state employees in their official capacities (Montana Department of Family Services, Montana Department of Social and Rehabilitation Services, Annabeth Felsman, Shirley Tiernan, Pat Cahill, Russ Francetich, Peggy Smith O'Leary, George Bulatowicz, and Warren Wright); the guardian ad litem (Damon L. Gannett); and individuals associated with the private foster care organization (Casey Family Program, Kenneth Curtis, Mimi Morgan, and Vincent Matule).
 
 II
 
 7
 We review de novo a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Cooperative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992).
 
 
 8
 The district court granted the state's motion to dismiss under Fed.R.Civ.P. 12(b)(6). The final judgment, entered on September 19, 1990 as to the state defendants, was proper under Fed.R.Civ.P. 54(b) and 58. Fed.R.App.P. 4(a) establishes a thirty day time limit for appeals. Fitzgerald filed his notice of appeal on December 13, 1991. Fitzgerald filed his notice of appeal on December 13, 1991. Fitzgerald failed to timely appeal the district court final judgment dismissing Montana Department of Family Services, Montana Department of Social and Rehabilitation Services, Annabeth Felsman, Shirley Tiernan, Pat Cahill, Russ Francetich, Peggy Smith O'Leary, George Bulatowicz, and Warren Wright. We do not have jurisdiction over the issues on appeal involving these defendants.
 
 
 9
 The district court granted summary judgment for Damon L. Gannett on January 10, 1991 and for Casey Family Program, Kenneth Curtis, Mimi Morgan, and Vincent Matule on June 3, 1991. These orders became final judgments on November 15, 1991 under Fed.R.Civ.P. 54(b) and 58.[1] Fitzgerald's appeal is timely with respect to these five defendants.
 
 III
 
 10
 We review a grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). The district court granted Gannett's motion for summary judgment, ruling that Fitzgerald's claims against Gannett were barred by the statute of limitations. Actions under 42 U.S.C. § 1983 are governed by the state statute of limitations applicable to personal injury tort actions. Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987). Mont.Code Ann. § 27-2-204 sets a three year statute of limitation for personal injury tort actions. In Montana, the statute of limitations begins to run on the date of injury--regardless of whether the plaintiff knew of the cause-of-action or its accrual. Mont.Code Ann. § 27-2-102(2); Bennett v. Dow Chemical Co., 713 P.2d 992, 994 (Mont.1986).
 
 The district court held:
 
 11
 By the most generous recitation of facts contained in either plaintiff's brief or in the complaint, any possible cause of action in this case accrued before September 1986 when the district court made the final determination of Margaret Moore's proper custody arrangement.
 
 
 12
 Order, January 10, 1991 at 4-5. We agree with the district court. In September 1986, the state court proceedings severed Fitzgerald's parental relationship with his daughter. Fitzgerald's alleged cause-of-action against Gannett began running at the latest in September 1986. We affirm the district court's grant of summary judgment in favor of Gannett.
 
 IV
 
 13
 The Casey Family Program, Kenneth Curtis, Mimi Morgan, and Vincent Matule moved for summary judgment on the same statute of limitations ground. Fitzgerald failed to respond to these motions; the district court granted the summary judgment motions through default. United States District Court for the District of Montana Local Rule 220-1. Four days after the district court order, Fitzgerald filed a brief opposing the motions for summary judgment. In its final judgment, the district court considered Fitzgerald's response despite its tardiness:
 
 
 14
 All claims or grounds for liability against those Defendants granted summary judgment have been fully adjudicated. Importantly, Plaintiff has presented no issues which could withstand dismissal based upon this Court's holding concerning the running of the statute of limitations in the above-entitled action.
 
 
 15
 Order Entering Final Judgment, November 15, 1991 at 2.
 
 
 16
 We agree that the statute of limitations precludes Fitzgerald's claims as to these defendants. As with Gannett, any injury to Fitzgerald possibly caused by these defendants arose at the latest in September 1986. Since Fitzgerald filed his complaint more than three years after that date, his action against these defendants is time-barred.
 
 V
 
 17
 The decisions of the district court are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel Conti, Senior District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Partial final judgment was entered because a few original defendants were either never served or not further prosecuted by Fitzgerald