50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gloria F. JELLUM, Plaintiff-Appellant,
v.
DALKON SHIELD CLAIMANTS TRUST, Defendant-Appellee.
 No. 93-36018.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided March 6, 1995.
 
 Before: WOOD, Jr.,* HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Gloria Jellum appeals the district court's grant of summary judgment in favor of the defendant, Dalkon Shield Claimants Trust [Trust], A.H. Robbins's successor in interest, for claims of negligence and fraud stemming from injuries Jellum received from her use of A.H. Robbins's Dalkon Shield. Jellum had the intrauterine device [IUD] inserted while at a Glasgow, Montana clinic in August 1973. In 1978 Jellum had the IUD removed because of excessive cramping and bleeding. Jellum experienced several medical complications since that time, but alleges she did not foresee the connection between the IUD and her injuries until she saw a television program in June 1982.
 
 
 3
 The district court granted summary judgment for Dalkon Shield Claimants Trust on the grounds that the applicable Montana statutes of limitations, Secs. 27-2-204(1) and 27-2-203, barred the plaintiff's tort and fraud claims, respectively. Montana has a three year statute of limitations for tort claims and a two year statute of limitations for fraud claims. The district court determined that the plaintiff's cause of action accrued at the time of her hysterectomy in 1979, and thus the filing of her complaint on October 31, 1983, was not timely. In doing so the court refused to apply the discovery exception to toll the relevant statutes of limitations. The court determined that Ms. Jellum did not diligently attempt to learn of the cause of her injury until June 1982, and therefore did not meet her burden in establishing the discovery exception should apply.
 
 STANDARD OF REVIEW
 
 4
 We review de novo the district court's decision to grant summary judgment. Montana Pole & Treating Plant v. I.F. Laucks & Co., 993 F.2d 676, 678 (9th Cir.1993) (citing Chemical Specialties Mfrs. Ass'n, Inc v. Allenby, 958 F.2d 941, 943 (9th Cir.), cert denied, --- U.S. ----, 113 S.Ct. 80 (1992). The de novo standard applies to a district court's interpretation of state law. Id. at 678 (citing State Farm Fire & Casualty Co. v. Estate of Jenner, 874 F.2d 604, 606 (9th Cir.1989)). Federal jurisdiction is based upon diversity of citizenship under 28 U.S.C. Sec. 1332. Thus the court is required to apply the state law of Montana as the court believes the Supreme Court of Montana would apply it. Erie R.R. v. Tomkins, 304 U.S. 64 (1938). Therefore, Montana's interpretations of the statutes of limitations will guide the court. Buhl v. Biosearch Medical Prod., Inc., 635 F.Supp. 956, 959 (D.Mont.1985). If there are no disputed factual issues, the court need only determine whether the district court correctly applied the substantive law. Montana Pole, 993 F.2d at 678. In our review of a district court order granting summary judgment, the evidence and inferences therefrom will be viewed in the light most favorable to the party against whom the district court ruled. Allen v. A.H. Robins, Co., 752 F.2d 1365, 1368 (9th Cir.1985).
 
 LEGAL ISSUES
 
 5
 Jellum argues that the district court erred in granting the Trust summary judgment because the statute of limitations should have been tolled since she could not discover, and had no duty to investigate, the cause of her injury until she learned it might have been caused by a wrongful act. She argues that the statute should have been tolled until June 1982 when she first discovered the cause of her injuries.
 
 
 6
 The discovery exception will apply to toll a normal accrual date when an injured person is prevented from knowing of their injury by concealment or other circumstances. Wisher v. Higgs, 257 Mont. 132, 140, 849 P.2d 152, 156-7 (Mont.1993); Hando v. PPG Indus., Inc., 236 Mont. 493, 502, 771 P.2d 956, 961-2 (Mont.1989); Bennett v. Dow Chemical Co., 220 Mont. 117, 120, 713 P.2d 992, 994 (Mont.1986); see also Hornung v. Richardson-Merrill, Inc., 317 F.Supp. 183, 185 (D.Mont.1970). The Montana rule is: "[w]here a person is ignorant of the fact that he has been damaged by the defendant, and consequently ignorant of his right of action, the cause does not accrue until the person learns, or in the exercise of reasonable care and diligence should have learned, the cause of his damage." Id. (citing Grey v. Silver Bow County, 149 Mont. 213, 425 P.2d 819 (Mont.1967)). The plaintiff has the burden to prove the discovery exception applies. The district court followed the Montana rule in Hornung, and held as a matter of law, the statute would not be tolled because Ms. Jellum did not use due diligence in discovering the cause of her injury.
 
 
 7
 In tort actions, whether the plaintiff's claim is barred by the statute of limitations is a question of fact. Hill v. Squibb & Sons, 181 Mont. 199, 212, 592 P.2d 1383, 1391 (Mont.1979).[1] The district court decided both the factual and legal issues involved in this case. Montana law, however, provides that in a tort action under Sec. 27-2-204(1), whether an action is barred is a question for the jury. "The rule in Montana and in the majority of jurisdictions is that whether an action is barred by the statute of limitations is for the jury when there is conflicting evidence as to when the cause of action accrued." Hill, 181 Mont. at 212, 592 P.2d at 1391 (citing Stagg v. Stagg, 90 Mont. 180, 300 P. 539 (1931)). Here Jellum asserts that the statute did not begin to run until June 1982, when she viewed a television program connecting the use of the Dalkon Shield to medical problems she had similarly experienced. The district court decided as a matter of law that the statute began to run in August 1979, when she underwent her hysterectomy. There is, however, conflicting evidence as to when Jellum's tort action arose. Jellum asked to have her Dalkon Shield removed in March 1978, due to excessive bleeding and cramping. Later Jellum experienced abdominal and back pain. In May 1979, Jellum was hospitalized, and during surgery, the doctors discovered that she had a perforated appendix. She was diagnosed as having "pelvic abscess secondary to a perforated appendix." Looking at the record in a light most favorable to Jellum, the doctor's diagnosis at least suggests that he attributed the pelvic infection to the ruptured appendix. After the appendectomy, Jellum experienced other medical problems, and eventually had a hysterectomy in August 1979. It is arguable that Jellum reasonably attributed her subsequent problems to the infection that appeared to be a result of the ruptured appendix. Further, the doctor who performed the surgeries was not the same physician who removed the Dalkon Shield. The strength of the evidence and the credibility of the witnesses in determining whether Jellum discovered, or in the exercise of due diligence should have discovered the cause of her injury, should be decided by the trier of fact. Accordingly, we find that based upon Montana law, the district court erred in deciding at what time Jellum's tort action against the Trust accrued. Whether Jellum used due diligence in tolling the statute of limitations is a matter for the jury, and not within the district court's province. Therefore, the issue of accrual under Sec. 27-2-204(1) should be remanded for further consideration by a jury.
 
 
 8
 Further, we find that under Montana law, whether Jellum's fraud action under Sec. 27-2-203 was barred by the statute of limitations is also a question of fact. The district court did not fully address the plaintiff's fraud claim, and in a footnote held that "for the same reasons that [Jellum] had notice of her other claims in August 1979 when she had her hysterectomy, she also had notice of her fraud claims at that time." The court relied on Turley v. Turley, 649 P.2d 434 (Mont.1982) and Israelson v. Mountain Tractor Co., 467 P.2d 149 (Mont.1970). Both of these cases stand for the proposition that whether there has been a discovery of the facts constituting fraud within Sec. 27-2-203 is a question of law. We find, however, that the Montana Supreme Court's most recent pronouncement on this issue is contrary to the prior case law. In Williams v. DeVinney, 259 Mont. 354, 856 P.2d 546 (Mont.1993), the Montana Supreme Court held that the date at which the statute of limitations begins to run under Sec. 27-2-203 is a question of fact. Id. at 363, 552. See also Dew v. Dower, 258 Mont. 114, 122, 852 P.2d 549, 554 (Mont.1993) (holding "[t]he time at which the statute of limitations began to run is a question of fact"). Thus, although there was prior history to support the district court's finding that it was a question of law, we find that the Montana Supreme Court has sub silentio overruled the precedent. Therefore, whether Jellum asserted due diligence in bringing her fraud claim against the Trust is also a question of fact for the jury.
 
 
 9
 In sum, whether an action is barred by the statute of limitations under Secs. 27-2-204(1) and 27-2-203 is a question for a jury when there is conflicting evidence as to when the cause accrued. There is conflicting evidence as to whether Jellum exercised due diligence and therefore whether the discovery exception tolled the running of the statutes. We find the district court erred in deciding as a matter of law that Jellum's claims were barred by the appropriate statutes of limitations. The district court is REVERSED, and the matter is REMANDED to the district court for trial. The jury is not to be informed of this court's or the district court's pronouncements on the matter.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See R.H. Grover, Inc. v. Flynn Ins. Co., 238 Mont. 278, 286, 777 P.2d 338, 343 (Mont.1989); Stagg v. Stagg, 90 Mont. 180, 300 P. 539 (Mont.1931); see also Montana Pole & Treating Plant v. I.F. Laucks & Co., 775 F.Supp. 1339, 1346 (D.Mont.1991), aff'd, 993 F.2d 679 (9th Cir.1993); Sternhagen v. Dow Co., 711 F.Supp. 1027, 1031 (D.Mont.1989)