87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James MULLER and Jean Muller, husband and wife; Marcia
Gillis, fka Marcia Muller; Sharon Freeman; Linda
Carr, Plaintiffs-Appellants,
v.
DECKER COAL COMPANY, a joint venture consisting of Kiewit
Coal Properties, Inc., and Western Minerals, Inc.,
Defendant-Appellee.
 No. 94-35956.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 17, 1996.
 
 Before: BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts so we need not recite them here.
 
 DISCUSSION
 
 3
 Accrual of both claims, for personal injury and damage to real property, is governed by Montana Code Annotated § 27-2-102, which states:
 
 
 4
 (1) For the purposes of statutes relating to the time within which an action must be commenced:
 
 
 5
 (a) a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action....
 
 
 6
 (2) Unless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues. Lack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation.
 
 
 7
 (3) The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party if:
 
 
 8
 (a) the facts constituting the claim are by their nature concealed or self-concealing; or
 
 
 9
 (b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause.
 
 
 10
 "The issue of when a particular plaintiff's cause of action in tort accrued is ordinarily a question of fact for the jury to determine with the defendant bearing the burden to prove this affirmative defense." Sternhagen v. Dow Co., 711 F.Supp. 1027, 1031 (D.Mont.1989).
 
 
 11
 The Mullers were aware of the possibility that their problems were related to the blasting at the mines as early as perhaps 1986, and certainly by 1989, when they sent the letter to Decker. However, it was arguably not until 1993 that the Mullers had sufficient knowledge of the causation of the injuries to trigger the statute of limitations. In January 1993, Dr. Phillips wrote in a letter to the Mullers' attorney that he believed "the cattle were probably exposed to oxides of nitrogen, developed brisket edema and expired due to the exposure." In June 1993, Dr. Merchant wrote a letter to Dr. Saunders in which he stated he could "very reasonably conclude that [Mrs. Muller's] breathing problems have been related to exposure to oxides of nitrogen produced by blasts at the nearby mine."
 
 
 12
 In Hando v. PPG Industries, Inc., 771 P.2d 956 (Mont.1989), the plaintiff had lost consciousness while doing some painting using defendant's products in 1981. In 1982, she filed a worker's compensation claim stating that her "problems arose after she was 'poisoned' by exposure to 'paint vapors.' " Id. at 958. However, it was not until 1984 that she found a physician who could confirm that her ailments were due to exposure to paint fumes. The Montana Supreme Court held that the denial of summary judgment based on the three-year statute of limitations was proper because Hando did not know the cause of the injuries until 1984. The court stated:
 
 
 13
 Prior to that time, she and [her employer] suspected that her ongoing ailments stemmed from her exposure to the paint manufactured by PPG. She even filed a workers' compensation claim in May of 1982 based upon this belief. However, the veracity of her belief was not known until May of 1984. Medical tests done in Chicago at that time provided Hando with a medical diagnosis that her continuing problems were due to a "sensitivity to petrochemicals," a sensitivity most likely triggered by her exposure to the PPG paint ... in 1981-82.
 
 
 14
 Id.
 
 
 15
 As in Hando, the Mullers' belief that their various problems were caused by Decker was not verified until they received a diagnosis to that effect in 1993. Hando cannot be distinguished, as suggested by Decker, on the basis that Hando's doctors denied any causal connection while the Mullers' consultants said there was a possibility of a connection. The initiation of the limitations period is ordinarily an issue of fact, and the state of the Mullers' knowledge is a factual issue which cannot be resolved in summary judgment as to either the real property or personal injury claims.
 
 
 16
 REVERSED and REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3